UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

JiMi IP, LLC, a Delaware limited liability company,

and

ROPES COURSES, INC. d/b/a RCI ADVENTURE PRODUCTS, a Michigan corporation,

Plaintiffs,

v.

WA7 VOLLI, LLC d/b/a SUMMIT ADVENTURE PARK MARYSVILLE, a Washington limited liability company and successor operator of the amusement facility formerly operated as ALTITUDE TRAMPOLINE PARK MARYSVILLE,

Defendant.

Case No. ______________

COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND


FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038

Plaintiffs JiMi IP, LLC ("JiMi") and Ropes Courses, Inc. d/b/a RCI Adventure Products ("RCI") (collectively, "Plaintiffs"), by and through their undersigned counsel, allege as follows against Defendant WA7 Volli, LLC d/b/a Summit Adventure Park Marysville ("Summit" or "Defendant"), the current and successor operator of the Marysville amusement facility formerly operated as Altitude Trampoline Park Marysville:

## THE PARTIES

1. Plaintiff JiMi is a limited liability company organized and existing under Delaware law, with its principal place of business at 145 Brady Street, Allegan, Michigan 49010.

2. Plaintiff RCI is a corporation organized and existing under Michigan law, with its principal place of business at 277 North Street, Allegan, Michigan 49010.

3. Upon information and belief, Defendant WA7 Volli, LLC is a Washington limited liability company formed on July 10, 2026. It is believed Defendant does business as Summit Adventure Park Marysville and Summit Marysville at 6610 64th Street NE, Marysville, Washington 98270.

4. Upon information and belief, Defendant is the current and successor operator of the Marysville amusement facility previously operated by A and D Trampolines, LLC under the Altitude Trampoline Park Marysville trade name. Defendant and the former operator share the same facility address and an affiliation with Volli Entertainment LLC, which is identified in Washington public records as Defendant's member and the former operator's manager. Defendant operates and uses the challenge-course and zip-track systems at that facility, including the instrumentalities accused of infringement in this Complaint.


FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038

## JURISDICTION AND VENUE

5. This is a civil action for infringement of United States patents arising under the Patent Act, 35 U.S.C. § 1 et seq.

6. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant because Defendant is organized under Washington law, operates the Marysville facility under the Summit Adventure Park Marysville trade name, and has committed and continues to commit the acts of infringement alleged in this District.

8. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant resides in this District and, independently, has committed and continues to commit acts of infringement and maintains a regular and established place of business at 6610 64th Street NE, Marysville, Washington 98270.

9. Assignment to the Seattle Division is appropriate under LCR 3(e)(1) because Defendant resides and maintains a regular and established place of business in Snohomish County and the acts giving rise to Plaintiffs' claims occurred and continue to occur there.

## GENERAL ALLEGATIONS

### Plaintiffs' Business and Patents

10. JiMi owns all right, title, and interest by assignment in numerous issued United States patents and pending applications, including U.S. Patent Nos. 8,066,578, 10,478,737, and 11,376,513 (collectively, the "Asserted Patents"). JiMi's assignment is recorded with the United States Patent and Trademark Office at Reel/Frame 052654/0330.


FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038

11. RCI is JiMi's exclusive licensee under the Asserted Patents and designs and manufactures innovative amusement products embodying the patented inventions. RCI has the right to practice and enforce the Asserted Patents together with JiMi.

12. Since 1989, RCI has designed, manufactured, and sold thousands of adventure products, including challenge courses. Challenge courses allow individuals or teams to participate in elevated events such as swinging ropes, planks, and zip lines. Such courses are commonly installed in recreational and amusement parks, cruise ships, and military-training facilities.

13. Among RCI's products are the Sky Trail® tracking system and Sky Rail® zip-track system. Sky Trail® is a customizable aerial adventure ropes course. Sky Rail® uses a dedicated track that permits a participant to travel primarily by gravity and can be integrated into a Sky Trail® challenge course.

14. RCI's proprietary technology permits multiple obstacles and events to be integrated into a challenge course and zip track without requiring a participant to disengage from the track. The technology improves safety and permits efficient participant movement without sacrificing course capacity.

15. Plaintiffs have invested substantial time and resources to design, develop, manufacture, market, distribute, and patent their proprietary challenge-course, zip-track, and related technologies.

**The Asserted Patents**

16. U.S. Patent No. 8,066,578 (the "'578 Patent"), titled "Challenge Course," was duly and legally issued by the United States Patent and Trademark Office on November 29, 2011. A true and correct copy is attached as Exhibit A and incorporated by reference.


FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038

17. Independent claim 1 of the '578 Patent recites a challenge course comprising a frame having a track adapted to receive a moveable member and having an intersection; a horizontally oriented platform fixedly disposed to the frame; an obstacle secured to the frame and separated by the platform; and a safety cable extending from the moveable member so that a user can be connected to the safety cable.

18. U.S. Patent No. 10,478,737 (the "'737 Patent"), titled "Zip Track and System," was duly and legally issued by the United States Patent and Trademark Office on November 19, 2019. A true and correct copy is attached as Exhibit B and incorporated by reference.

19. Independent claim 10 of the '737 Patent recites, among other limitations, a zip track extending between two challenge-course structures and integrally connected at each end to a puck track; a wheel support vertically lower than a puck support; and a moveable body having a puck and rotating member configured to travel in the puck track and zip track and attach to a user's safety-harness lanyard.

20. U.S. Patent No. 11,376,513 (the "'513 Patent"), titled "Zip Track and System," was duly and legally issued by the United States Patent and Trademark Office on July 5, 2022. A true and correct copy is attached as Exhibit C and incorporated by reference.

21. Independent claim 1 of the '513 Patent recites, among other limitations, a puck track having a puck-support surface; a descending zip track having a rotating-member support surface; and a moveable body having a puck and rotating member, with the puck track overlapping the zip track through at least a portion of the zip track.

22. RCI products embodying inventions claimed in the Asserted Patents have been distributed throughout the United States and marked with the applicable patent numbers, providing notice under 35 U.S.C. § 287(a).


FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038

23. Other than RCI, JiMi has not licensed rights under the Asserted Patents.

**Defendant's Infringing Conduct**

24. Upon information and belief, Defendant currently operates the indoor amusement park at 6610 64th Street NE, Marysville, Washington, under the Summit Adventure Park Marysville name. The facility was formerly operated under the Altitude Trampoline Park Marysville name. As of August 2026, the park's official website states that the former Altitude park is now Summit, confirms that the park remains at the same location, recognizes existing Altitude memberships, passes, gift cards, waivers, birthday-party reservations, and group bookings, advertises the ropes course and zipline, and sells access to the facility. See https://jumpsummit.com/locations/marysville-wa/.

25. Defendant has operated, uses, made, had made, imported, installed, used, advertised, offered for sale, and sold access to the challenge course at the Marysville, WA facility, including its integrally connected zip tracks, obstacles, platforms, ropes-course elements, moveable members, lanyards, and safety cables (the "Accused System"). Upon information and belief, Defendant advertises the Accused System and charges customers for admission that includes access to and use of the Accused System.

26. Publicly available photographs and videos of the Accused System, including a screenshot preserved from a July 5, 2026 Facebook post and reproduced and annotated below as Figure 1, show the limitations of exemplary claim 1 of the '578 Patent.



FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038




*Figure 1. Screenshot preserved from a July 5, 2026 Facebook post depicting the Accused System, with annotations corresponding to limitations of claim 1 of the '578 Patent.*

27. As shown by annotation 1 in Figure 1, the Accused System is a challenge course comprising a rigid frame that supports an overhead track.

28. As shown by annotation 2 in Figure 1, the overhead track is configured to receive a moveable member and includes an intersection at which track segments meet, permitting the moveable member to proceed in different directions.

29. As shown by annotation 3 in Figure 1, the Accused System includes a horizontally oriented platform fixedly disposed to the frame.

30. As shown by annotation 4 in Figure 1, the Accused System includes an obstacle, including suspended ropes and course elements, secured to the frame and separated from adjacent course portions by a platform.


FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038

31. As shown by annotation 5 in Figure 1, a moveable member is received in the overhead track and a safety cable or lanyard extends downward from the moveable member to connect the participant to the overhead safety system.

32. Thus, Figure 1 maps each limitation of exemplary claim 1 of the '578 Patent to visible components of the Accused System. The configuration and operation of the track, moveable member, and safety connection are further shown in publicly available videos. Additional details concerning the internal configuration of the those components are particularly within Defendant's possession and will be confirmed through discovery and inspection.

33. Accordingly, the Accused System contains each limitation of at least claim 1 of the '578 Patent, literally or under the doctrine of equivalents.

34. Upon information and belief, including based on the publicly available photographs and videos showing the configuration and operation of the Accused System, the zip track extends between two structures of the challenge course and is integrally connected at its ends to a puck track traversing the course. The zip track has a wheel support positioned vertically below the puck support. A moveable body travels in both tracks and includes a puck and at least one rotating member positioned downwardly from the puck and the body attaches to the lanyard connected to a user's safety-harness lanyard. When the body travels in the puck track, the puck slides above the puck support and when the body travels in the zip track, the rotating member rolls above the wheel support.

35. Accordingly, the Accused System contains each limitation of at least claim 10 of the '737 Patent, literally or under the doctrine of equivalents.

36. Upon information and belief, including based on the publicly available photographs and videos showing the configuration and operation of the Accused System, the


FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038

puck track has a puck-support surface and opening, and the descending zip track has a rotating-member support surface extending from a higher first end to a lower second end. A moveable body having a puck and rotating member travels along both tracks, with the puck positioned above the puck-support surface when the body travels along the puck track and the rotating member positioned above the rotating-member support surface when the body travels along the zip track. The puck track overlaps the zip track through at least a portion of the zip track in the recited configuration.

37. Accordingly, the Accused System contains each limitation of at least claim 1 of the '513 Patent, literally or under the doctrine of equivalents.

38. The operator of the Marysville facility knew of RCI and its Sky Rail® products no later than 2025, when RCI provided notice of its patented technology and products to the facility operator then doing business as Altitude Trampoline Park Marysville.

39. On November 4, 2025, RCI, through counsel, sent the operator of the Marysville facility a detailed cease-and-desist letter identifying each Asserted Patent, exemplary asserted claims, and the Accused System and explaining the basis for Plaintiffs' infringement allegations. The letter enclosed copies of the Asserted Patents, identified public photographs and videos depicting the Accused System, requested a response that the infringement cease, and warned that continued infringement could support enhanced damages and attorneys’ fees.

40. Counsel for Defendant, including the operator of the Marysville facility doing business as Altitude Trampoline Park Marysville, acknowledged receipt of the November 4, 2025 written notice.


FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038

41. Therefore, Defendant, including the previous operator of the Marysville facility doing business as Altitude Trampoline Park Marysville, had actual knowledge of the Asserted Patents and RCI's infringement allegations no later than November 4, 2025.

42. The accused conduct at the Marysville facility did not cease after counsel for the operator and Defendant received RCI's November 4, 2025 notice.

43. RCI did not immediately commence litigation after sending its November 4, 2025 notice to provide Defendant an opportunity to cease its infringing conduct and resolve RCI's infringement claims.

44. Despite receiving that opportunity, the accused conduct nevertheless continued. Publicly available Facebook posts dated on or about July 5, 2026 showed that the Accused Systems remained installed and operational.

45. To date, the Defendant's Facebook page continues to advertises and posts videos showing the Accused System installed and available for use. (*See* https://www.facebook.com/share/r/14pTC43SRv8/.)

46. Accordingly, upon information and belief, Defendant had actual knowledge of the Asserted Patents and Plaintiffs' infringement allegations no later than November 4, 2025 cease and desist letter, which is supported by Defendant's assumption of operations at the same facility, its continued operation of the same Accused Systems, and its common Volli Entertainment affiliation with the former operator. Despite that knowledge, Defendant has continued operating, using, advertising, and selling access to customers to the Accused System. Defendant's infringement has therefore been knowing, deliberate, and willful, warranting enhanced damages under 35 U.S.C. § 284.


FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038

47. Defendant’s acts have caused and continue to cause Plaintiffs monetary harm in an amount to be determined at trial, including lost sales, lost licensing revenue, and in no event less than a reasonable royalty, together with prejudgment and post-judgment interest and costs under 35 U.S.C. § 284.

48. Defendant's continued infringement also causes irreparable harm, including harm to Plaintiffs' exclusivity, market position, customer relationships, pricing, and reputation, for which monetary damages alone are inadequate.

## FIRST CLAIM FOR RELIEF

### Infringement of U.S. Patent No. 8,066,578

49. Plaintiffs incorporate by reference paragraphs 1 through 48 as though fully set forth here.

50. Defendant has directly infringed and continues to directly infringe at least claim 1 of the '578 Patent under 35 U.S.C. § 271(a) by making, having made, importing, installing, using, offering for sale, and selling access to customers to the Accused System in the United States.

51. Defendant’s infringement of the '578 Patent has been knowing and willful at least since it acquired actual knowledge of the Asserted Patents and Plaintiffs’ infringement allegations through the July 2026 operational transition.

52. Defendant's infringement of the '578 Patent has caused and continues to cause Plaintiffs damages in an amount to be determined at trial, but no less than a reasonable royalty.

53. Unless enjoined, Defendant's infringement of the '578 Patent will continue to cause Plaintiffs irreparable harm for which there is no adequate remedy at law.


FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038

**SECOND CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 10,478,737**

54. Plaintiffs incorporate by reference paragraphs 1 through 53 as though fully set forth here.

55. Defendant has directly infringed and continues to directly infringe at least claim 10 of the '737 Patent under 35 U.S.C. § 271(a) by making, having made, importing, installing, using, offering for sale, and selling access to customers to the Accused System in the United States.

56. Defendant’s infringement of the '737 Patent has been knowing and willful at least since it acquired actual knowledge of the Asserted Patents and Plaintiffs’ infringement allegations through the July 2026 operational transition.

57. Defendant's infringement of the '737 Patent has caused and continues to cause Plaintiffs damages in an amount to be determined at trial, but no less than a reasonable royalty.

58. Unless enjoined, Defendant's infringement of the '737 Patent will continue to cause Plaintiffs irreparable harm for which there is no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**

**Infringement of U.S. Patent No. 11,376,513**

59. Plaintiffs incorporate by reference paragraphs 1 through 58 as though fully set forth here.

60. Defendant has directly infringed and continues to directly infringe at least claim 1 of the '513 Patent under 35 U.S.C. § 271(a) by making, having made, importing, installing, using, offering for sale, and selling access to customers to the Accused System in the United States.


FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038

61. Defendant’s infringement of the '513 Patent has been knowing and willful at least since it acquired actual knowledge of the Asserted Patents and Plaintiffs’ infringement allegations through the July 2026 operational transition.

62. Defendant's infringement of the '513 Patent has caused and continues to cause Plaintiffs damages in an amount to be determined at trial, but no less than a reasonable royalty.

63. Unless enjoined, Defendant's infringement of the '513 Patent will continue to cause Plaintiffs irreparable harm for which there is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiffs respectfully request judgment in their favor and against Defendant as follows:**

a) Declaring that Defendant has infringed the Asserted Patents;

b) Declaring that Defendant's infringement has been knowing and willful;

c) Preliminarily and permanently enjoining Defendant and its officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with any of them who receive actual notice of the injunction from further infringement of the Asserted Patents, pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65;

d) Awarding Plaintiffs damages adequate to compensate for Defendant's infringement, in no event less than a reasonable royalty, together with interest and costs under 35 U.S.C. § 284;

e) Increasing the damages up to three times the amount assessed under 35 U.S.C. § 284;

f) Ordering an accounting sufficient to determine all damages resulting from Defendant's infringement;


FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038

g) Finding this case exceptional and awarding Plaintiffs their reasonable attorneys' fees under 35 U.S.C. § 285;

h) Awarding Plaintiffs their taxable costs, prejudgment interest, and post-judgment interest; and

i) Awarding such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Under Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury on all issues so triable.

DATED: September 11, 2026

FISHERBROYLES, LLP

By: s/*Jeremy P. Sanders*_______________

Patricia Y. Ho (*pro hac vice forthcoming*)
Patricia.Ho@fisherbroyles.com
999 18th Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 875-8709

Jeremy P. Sanders, WSBA No. 47555
Jeremy.Sanders@fisherbroyles.com
701 Fifth Avenue, Suite 4200
Seattle, WA 98104-5119
Telephone: (425) 394-9038

*Counsel for Plaintiffs*

FISHERBROYLES LLP
701 FIFTH AVE., SUITE 4200
SEATTLE, WA 98104
(425) 394-9038